# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,**<br><br>Plaintiff,<br><br>v.<br><br>**CISCO SYSTEMS, INC.,**<br><br>Defendant. | **Case No. 6:21-CV-00128-ADA**<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] SCHEDULING ORDER

In accordance with the Court's Amended Order Regarding Notice of Readiness for Patent Cases, the Case Management Conference in the above-captioned matter was deemed to have occurred on June 30, 2021.

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| 06/23/2021 | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.[1] |
| 07/14/2021 | Parties submit an agreed Scheduling Order. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| 08/18/2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 09/01/2021 | Parties exchange claim terms for construction. |
| 09/15/2021 | Parties exchange proposed claim constructions. |
| 09/22/2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 09/29/2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 10/06/2021 | Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. |
| 10/27/2021 | Plaintiff files Responsive claim construction brief. |
| 11/10/2021 | Defendant files Reply claim construction brief. |
| 11/29/2021 | Plaintiff files Sur-Reply claim construction brief. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| 12/2/2021 | Parties submit Joint Claim Construction Statement. |
| 12/06/2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| 12/16/2021 (or as ordered by the Court) | *Markman* Hearing at 9:00 a.m. [This is a place holder date, which may be adjusted as the *Markman* hearing approaches]. |
| 12/17/2021 or 1 business day after the last *Markman* hearing, whichever is later | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 01/27/2022 or 6 weeks after the last *Markman* hearing, whichever is later | Deadline to add parties. |
| 02/10/2022 or 8 weeks after the last *Markman* hearing, whichever is later | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 04/07/2022 or 16 weeks after the last *Markman* hearing, whichever is later | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 06/16/2022 or 26 weeks after the last *Markman* hearing, whichever is later | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a conference with the Court to resolve the disputed issues. |
| 07/14/2022 or 30 weeks after the last *Markman* hearing, whichever is later | Close of Fact Discovery. |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| | |
|---|---|
| 07/21/2022 or 31 weeks after the last *Markman* hearing, whichever is later | Deadline for Opening Expert Reports. |
| 08/18/2022 or 35 weeks after the last *Markman* hearing, whichever is later | Deadline for Rebuttal Expert Reports. |
| 09/08/2022 or 38 weeks after the last *Markman* hearing, whichever is later | Close of Expert Discovery. |
| 09/15/2022 or 39 weeks after the last *Markman* hearing, whichever is later | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 09/22/2022 or 40 weeks after the last *Markman* hearing, whichever is later | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 10/06/2022 or 42 weeks after the last *Markman* hearing, whichever is later | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery, and deposition designations). |
| 10/20/2022 or 44 weeks after the last *Markman* hearing, whichever is later | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 10/27/2022 or 45 weeks after the last *Markman* hearing, whichever is later | Serve objections to rebuttal disclosures and file motions in limine. |

| | |
|---|---|
| 11/3/2022 or 46 weeks after the last *Markman* hearing, whichever is later | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine. |
| 11/10/2022 or 47 weeks after the last *Markman* hearing, whichever is later | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |
| 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| 11/28/2022 or 49 weeks after the last *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| 12/19/2022 or 52 after the last *Markman* hearing, whichever is later[4] | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

SIGNED this _____ day of _____, 20____.


_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-Markman that are consistent with the Court's default deadlines in light of the actual trial date.

AGREED:

By: */s/ Max L. Tribble, Jr.*

Max L. Tribble, Jr.
Bar No. 2021395
Shawn Blackburn
Bar No. 24089989 *(pro hac vice)*
Bryce Barcelo
Bar No. 24092081*(pro hac vice)*
sblackburn@susmangodfrey.com
mtribble@susmangodfrey.com
bbarcelo@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana St, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366

Kalpana Srinivasan
Bar No. 237460 *(pro hac vice)*
ksrinivasan@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue Of The Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100

Danielle M. Nicholson
Bar No. 325392 *(pro hac vice)*
dnicholson@susmangodfrey.com
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880

*Counsel for Plaintiff WSOU*
*Investments, LLC d/b/a Brazos*
*Licensing and Development*

By: */s/ Brian Rosenthal with permission*

Michael E. Jones
SBN: 10929400
**POTTER MINTON**
110 North College, Suite 500
Tyler, TX 75702
mikejones@potterminton.com
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Brian Rosenthal
Katherine Dominguez
Allen Kathir
Admitted *pro hac vice*
brosenthal@gibsondunn.com
kdominguez@gibsondunn.com
akathir@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Ryan Iwahashi
Admitted *pro hac vice*
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 849-5367

Kenneth G. Parker
kparker@gibsondunn.com
**GIBSON, DUNN AND CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612
Tel: (949)-451-4336

*Counsel for Defendant Cisco Systems, Inc.*