# EXHIBIT 11

Application No: 13/436,321
Attorney Docket No: ALC 3800

## REMARKS

Claims 1-16 are pending in this application, of which claims 1, 4, and 13 are independent. By this amendment, claims 1, 4, and 13 are amended; claims 17 and 18 are presented as new; and claims 9 and 12 are canceled without prejudice to or disclaimer of the subject matter recited therein. No new matter is added.

The courtesies extended to the Applicant's representative by Examiners Peguero and Cho at the interview held July 8, 2014, are appreciated. The reasons presented at the interview as warranting favorable action are incorporated into the remarks below and constitute the Applicant's record of the interview.

### REJECTIONS UNDER 35 U.S.C. § 103

On pages 2-6, the office action rejects claims 1-8, and 10-11 under 35 U.S.C. § 103 as allegedly being unpatentable over U.S. patent application publication number 2012/0158994 (hereinafter, "McNamee") in view of European patent number EP1916797 (hereinafter, "Zhang"), and further in view of U.S. patent application publication number 2013/0064093 (hereinafter, "Ridel").

On pages 6-7, the office action rejects claims 9, and 12 under 35 U.S.C. § 103 as allegedly being unpatentable over McNamee in view of Zhang, further in view of Ridel, and further in view of U.S. patent application publication number 2010/0311392 (hereinafter, "Stenfelt").

On pages 7-10, the office action rejects claims 13-16 under 35 U.S.C. § 103 as allegedly being unpatentable over McNamee in view of Ridel.

Claim 1, as amended, recites,

> A tangible non-transitory storage device readable by a machine, embodying a Diameter protocol command dictionary comprising:
> a first definition for a Diameter protocol command, wherein said Diameter protocol command is defined by a first default definition unless *a first context applies in which case said command is defined by a first context-specific definition*, and the Diameter protocol command dictionary supports multiple versions of a standard,
> a second definition for a Diameter protocol attribute value pair (AVP), wherein said Diameter protocol AVP is defined by a second default definition unless *a second context applies in which case said AVP is defined by a second context-specific definition*,
> wherein said Diameter protocol command dictionary interoperates with a Diameter protocol stack.

(emphasis added). Claims 4 and 13 include recitations that are similar to the above-emphasized subject matter.

As explained at the interview, the above-emphasized subject matter relates to a Diameter dictionary for command and AVP definitions that contains both default definitions, and context-specific definitions for use when a specific context applies. For example, as shown in FIG. 2 accompanying the specification, a context may identify a specific condition to be met for the corresponding context-specific definition to apply. The context may include, *inter alia*, different versions and releases of the 3GPP standards and/or custom or proprietary implementation of specific vendors.

The office action cites McNamee as allegedly disclosing the above-emphasized subject matter, specifically pointing to paragraph [0081]-[0082]. The cited portions, however, only disclose that a Diameter message body (payload) may contain AVPs nested within other AVPs. This is not the same as context-specific command/AVP definitions because, first, the message body of McNamee is not a message dictionary and, therefore, does not include any definitions of Diameter

Application No: 13/436,321
Attorney Docket No: ALC 3800

commands or AVPs; instead, the message body includes *actual* AVPs which include values that are communicated between two devices.

Second, the cited Diameter message in McNamee does not provide the subject matter recited in the claim. The Diameter versioning dictionary provides a network node with definitions sufficient to, in addition to interpreting some commands and AVPs according to a default definition, interpret those commands and AVPs according to context-specific definitions under context-specific conditions, whereas a given Diameter message (as cited by the office action) has a fixed command code in the Diameter message header regardless of the message body (AVP nested within AVP payload). In other words, any given Diameter message will be associated with a single context and therefore will not carry AVPs that are associated with multiple contexts, where the above-emphasized subject matter includes both default and context-specific definitions.

The remaining references of record fail to remedy the deficiency in McNamee. For example, the office action cites Ridel as allegedly disclosing the similar subject matter of a Diameter protocol command dictionary that supports multiple versions of the Diameter standard, specifically in paragraph [0005]. The cited portions, however, only disclose storing new command and AVP definition information in Diameter message payload AVP's, and once propagated, the Diameter agents can share protocol signaling information among multiple Diameter agents – effectively extending the Diameter base protocol. This is different from the current application because the above-emphasized subject matter enables command and AVP definitions to be, not just extended, but overridden under context-specific conditions – effectively supporting multiple versions, or other

Application No: 13/436,321<br/>Attorney Docket No: ALC 3800

contexts. Ridel does not disclose support of multiple versions of the Diameter protocol but one version at any single time that may be an extension from the Diameter base protocol.

For these reasons, claims 1, 4, and 13 are allowable over the references of record. Claims 2-3, 7-8, and 17 depend from allowable claim 1; claims 5-6, 10-11, and 18 depend from allowable claim 4; and claims 14-16 depend from allowable claim 13. These claims are therefore allowable based on their respective dependencies, as well as the separately patentable subject matter recited therein.

Accordingly, the Applicant respectfully requests that the rejections under 35 U.S.C. § 103 be withdrawn.

## CONCLUSION

While the Applicant believes that the application is currently in condition for allowance, as demonstrated by the above remarks, should the Examiner have any further comments or suggestions, it is respectfully requested that the Examiner telephone the undersigned attorney in order to expeditiously resolve any outstanding issues.

Application No: 13/436,321
Attorney Docket No: ALC 3800

In the event that the fees submitted prove to be insufficient in connection with the filing of this paper, please charge our Deposit Account Number 50-0578 and please credit any excess fees to such Deposit Account.

Respectfully submitted,
**KRAMER & AMADO, P.C.**

Date: ____July 15, 2014_____     / Terry W. Kramer/
                                       Terry W. Kramer
                                       Registration No.: 41,541

KRAMER & AMADO, P.C.
330 John Carlyle Street, 3rd Floor
Alexandria, VA 22314
Phone: 703-519-9801
Fax: 703-519-9802

- 11 -