**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 6:21-CV-00128-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S STIPULATION OF INVALIDITY CONTENTIONS
FOR U.S. PATENT NO. 8,191,106**

On June 17, 2021, Defendant Cisco Systems, Inc. ("Defendant") filed petition No. IPR2021-01117 with the Patent Trial and Appeal Board ("the Board"), requesting *inter partes* review of U.S. Patent No. 8,191,106 ("the '106 patent").

The petition asserts four grounds of invalidity:

1. Claims 1–3, 5, 8–12, 14, and 17–18 of the '106 patent are obvious under 35 U.S.C. § 103 over U.S. Patent Pub. No. 2005/0135375 to Hurtta et al. ("Hurtta").

2. Claims 4 and 13 of the '106 patent are obvious under 35 U.S.C. § 103 over Hurtta in view of U.S. Patent Pub. No. 2004/0208153 to Mizell et al. ("Mizell").

3. Claims 6 and 15 of the '106 patent are obvious under 35 U.S.C. § 103 over Hurtta in view of U.S. Patent Pub. No. 2007/0049276 to Rimoni et al. ("Rimoni") and U.S. Patent Pub. No. 2006/0116127 to Wilhoite et al. ("Wilhoite").

4. Claims 7 and 16 of the '106 patent are obvious under 35 U.S.C. § 103 over Hurtta in view of Rimoni.

In the petition, Defendant stated that "[i]f the Board institutes trial, [Defendant] will cease asserting in the co-pending litigation the combination of references on which trial is instituted for the claims on which trial is instituted, to the extent [Defendant] even asserts the same combination in the district court."

Defendant hereby memorializes its statement to the Board in this litigation. Defendant stipulates that if the Board institutes *inter partes* review on IPR2021-01117, then Defendant will cease asserting in this litigation the combination of references on which trial is instituted for the claims on which trial is instituted, to the extent Defendant even asserts the same combination in this litigation.

This stipulation is not intended and should not be construed to limit Defendant's ability to assert invalidity of the claims of the '106 patent based on any combinations other than those set forth in the petition in IPR2021-01117.

Dated:  October 7, 2021  By:  */s/ Brian Rosenthal with permission, by Michael E. Jones*
Michael E. Jones
SBN: 10929400
**POTTER MINTON**
110 North College, Suite 500
Tyler, TX 75702
mikejones@potterminton.com
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Brian Rosenthal
Katherine Dominguez
Allen Kathir
Admitted *pro hac vice*
brosenthal@gibsondunn.com
kdominguez@gibsondunn.com
akathir@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Ryan Iwahashi
Admitted *pro hac vice*
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 849-5367

Kenneth G. Parker
kparker@gibsondunn.com
**GIBSON, DUNN AND CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-4336

*Attorneys for Defendant Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 7, 2021, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Michael E. Jones*
