# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Case No. 6:21-CV-00128-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-47)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Civil Rule 26, and the Court's Order Governing Proceedings – Patent Case, Defendant Cisco Systems, Inc ("Defendant") hereby objects and responds to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("Plaintiff") First Set of Requests for Production (Nos. 1–47) ("Requests"), as follows.

**PRELIMINARY STATEMENT**

Defendant has not completed its discovery, investigation, research, or trial preparation. The following Responses are based solely on the information that is presently available and specifically known to Defendant, and is given without prejudice to Defendant's right to produce and/or present evidence of any subsequently discovered facts. Defendant reserves the right to supplement the following Responses and to change any and all Responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Defendant's objections set forth herein are made without prejudice to Defendant's rights to assert any additional or supplemental objections should Defendant discover additional grounds

for such objections. Defendant makes the Objections and Responses set forth below without, in any manner, waiving: (1) the right to object to the use of any Response, document, or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality, or any other appropriate basis; (2) the right to object to any other Requests involving or relating to the subject matter of the Responses herein and any documents or things produced by Defendant; and (3) the right to revise, correct, supplement, or clarify any of the Responses provided below at any time.

Defendant expressly reserves the right to supplement its Responses and production of documents and things. Any Responses supplied by Defendant are subject to all objections as to competence, relevance, materiality, propriety, admissibility, proportionality, and any and all other objections on any grounds that would require the exclusion of the Response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the Responses herein. The fact that Defendant has provided a Response to any particular Request should not be taken as an admission that Defendant accepts or admits the existence of any fact or interpretation or conclusion of law set forth or assumed by such Request or that said Response constitutes admissible evidence. The fact that Defendant has provided a Response to any Request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any such Request.

## **GENERAL OBJECTIONS**

The following general objections apply to each of the Requests, including any definition or instruction contained therein, and are incorporated by reference into each of the following specific responses as if set forth fully therein.

1. Defendant objects to each Request to the extent that it calls upon Defendant to investigate, collect, or disclose information that is not relevant to the claims or defenses of either party or the subject.

2. Defendant objects to each Request to the extent that it seeks to impose obligations on Defendant that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable local rules, or purports to require Defendant to search facilities or inquire of employees other than those facilities and employees that would reasonably be expected to have responsive information.

3. Defendant objects to each Request to the extent it is premature.  The subject matter of these Requests is under continuing investigation.  Defendant will respond to these Requests with current knowledge and reserve the right to supplement these responses if any additional information is identified at a later time and to make any additional objections that may become apparent.  Defendant expressly reserves the right to make any use of, or introduce at any hearing or at trial, any documents or information not known of or thought to be responsive at the time of a specific response.

4. Defendant objects to each Request to the extent it seeks information or documents subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or exemption.  As used herein, "privilege" or "privileged" refers to all forms of privilege, including attorney-client privilege, attorney work product doctrine, common-interest privilege, joint defense privilege, and any other privilege which Defendant is entitled to claim.  Any disclosure of such protected and privileged information is inadvertent and is not intended to waive those privileges or protections.

5.      Defendant objects to each Request to the extent it seeks discovery and production of documents that are not relevant to any party's claim or defense nor proportional to the needs of the case.

6.      Defendant objects to each Request to the extent that it calls for documents or information related to Defendant's products or services other than those products specifically accused of infringement in this case.  Defendant intends to produce documents that relate to the products and services specifically identified and accused of infringement by Plaintiff in the Infringement Contentions, dated June 23, 2021 (herein, "Accused Products"), unless otherwise noted.

7.      Defendant objects to each Request to the extent it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff's damages are limited to six years prior to the filing of the complaint in each of the above captioned actions.  Defendant will interpret the Requests as requesting information from February 5, 2015 ("Alleged Infringement Period").

8.      Defendant objects to each Request to the extent it seeks documents in Defendant's possession that contain confidential and proprietary information of non-parties.  Defendant will produce such documents to the extent it can do so without violating court orders and/or agreements with non-parties.

9.      Defendant objects to each Request to the extent it seeks discovery and production of documents already available to Plaintiff from its own files or from public sources.

10.     Defendant objects to each Request to the extent it seeks discovery and production of email or other electronically stored information (ESI) without a showing of good cause.

11. Defendant objects to each Request as overly broad to the extent it fails to specify a relevant time period for which information is requested, to the extent the specified period is irrelevant, or to the extent the specified period includes periods of time for which Plaintiff would not be entitled to collect any documents.

12. Defendant objects to each Request to the extent it seeks information or documents generated after the filing date of this action. Defendant is available to meet and confer with Plaintiff regarding individual requests for which Plaintiff justifies the collection of documents generated after the filing of the complaint.

13. Defendant's responses are based on information reasonably available to Defendant and documents within Defendant's possession, custody, or control, including Defendant's knowledge of the same. Defendant reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to its attention to assert additional objections and to supplement or amend these responses.

14. Defendant objects to each Request to the extent that it uses words and phrases that are not defined in an understandable manner. Defendant will interpret the terms and phrases used in such requests as such words and phrases are understood by Defendant.

15. Any statement that Defendant will produce documents means that documents not subject to the attorney-client privilege and not subject to the work-product immunity or otherwise immune from discovery, which are located after a reasonable search of documents within Defendant's possession, custody, or control, will be made available to Plaintiff, subject to Defendant's objections. Any statement that Defendant will produce documents is not a representation that such documents exist, but rather that Defendant is making and will continue to

make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.

16. Defendant's production of documents in response to each Request is not a representation that such documents are relevant, material, or necessary to this action, or reasonably calculated to lead to the discovery of admissible evidence.

17. Each of these General Objections shall be deemed continuing and is incorporated into the specific responses set forth below, whether or not specifically stated therein, and are not waived or in any way limited by the responses below.

18. The parties have not yet reached any agreement regarding the discovery of electronically stored information. Defendant reserves all objections in connection with that agreement and the scope of ESI discovery generally.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendant incorporates by reference the objections to the definitions and instructions in Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories (No. 1–10).

2. Defendant objects to the Instructions regarding the logging of privileged documents to the extent they instruct Defendant to provide more than is required by the Federal Rules of Civil Procedure. Defendant furthermore objects to the Instructions to the extent that they call for Defendant to log privileged communications dated after the filing of the complaint in the above-captioned actions.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

For each Relevant Product, Documents and information sufficient to show in detail the operation of the Accused Functionality, including, but not limited to source code (with comments),

instructions, schematics, design documents, specifications, block diagrams, flowcharts, technical datasheets, circuit diagrams, white papers, and operation documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections stated above, Defendant objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant at least to the extent it is not limited by a time period relevant to the merits of this case and seeks all documents pertaining to any "Relevant Product." Defendant further objects to this request as vague at least as to the meaning of "Relevant Product." Defendant objects to the production of source code because Plaintiff has failed to identify a specific need for its production. Defendant further objects to this request as vague, particularly as to the meaning of "sufficient to show in detail."

Subject to and without waiving any of these objections, Defendant responds that it has produced or will produce documents responsive to this Request that are non-privileged and within Defendant's possession, custody, or control to the extent such documents exist and are located after a reasonable search proportional to the needs of the case. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendant responds that it will withhold other documents that fall within its objections to this Request, unless they are responsive to non-objectionable portions of other requests.

**REQUEST FOR PRODUCTION NO. 2:**

For each Relevant Product, all Documents relating to internal design reviews of the Accused Functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections stated above, Defendant objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant at least to the extent it is not limited by a time period relevant to the merits of this case and seeks all

Date:   January 26, 2022

                        Respectfully Submitted,

                        */s/Brian Rosenthal*

Michael E. Jones
SBN: 10929400
**POTTER MINTON**
110 North College, Suite 500
Tyler, TX 75702
mikejones@potterminton.com
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Brian Rosenthal
Katherine Dominguez
Allen Kathir
Admitted *pro hac vice*
brosenthal@gibsondunn.com
kdominguez@gibsondunn.com
akathir@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-4000

Ryan Iwahashi
Admitted *pro hac vice*
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 849-5367

Kenneth G. Parker
kparker@gibsondunn.com
**GIBSON, DUNN AND CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-4336

*Attorneys for Defendant Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26 day of January, 2022, I caused the following parties and counsel to be served by electronic means:

Max L. Tribble, Jr.
Bar No. 2021395
Shawn Blackburn
Bar No. 24089989 *(pro hac vice)*
Bryce Barcelo
Bar No. 24092081*(pro hac vice)*
sblackburn@susmangodfrey.com
mtribble@susmangodfrey.com
bbarcelo@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana St, Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366

Kalpana Srinivasan
Bar No. 237460 *(pro hac vice)*
ksrinivasan@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue Of The Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100

Danielle M. Nicholson
Bar No. 325392 *(pro hac vice)*
dnicholson@susmangodfrey.com
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880

                                                      */s/ Russell O. Shapiro*
                                                      Russell O. Shapiro