# EXHIBIT 6

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Brian Rosenthal
Direct: +1 212.351.2339
Fax: +1 212.817.9539
BRosenthal@gibsondunn.com

April 29, 2022

VIA ELECTRONIC MAIL

Max Tribble
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-9366
mtribble@susmangodfrey.com

Re:     ***WSOU Investments, LLC v. Cisco Systems, Inc.*, Case No. 6:21-cv-128 (W.D. Tex.)**

Dear Max:

We write on behalf of our client, Cisco Systems, Inc. ("Cisco") pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure to advise you that Cisco intends to request sanctions for the reasons set forth in the enclosed Motion for Sanctions if WSOU Investments, LLC ("WSOU") persists in its repeated and baseless assertion of U.S. Patent No. 7,443,859 (the "'859 Patent") in the above-referenced matter.

As explained in our letters of June 28, 2021 and January 18, 2022, and in the enclosed Motion, WSOU's position that the APN Restriction Field of the Accused Products satisfies the "APN Field" limitation of the claims is contrary to the meaning of the claim term "APN Field" in each of the asserted claims, as confirmed by the Court's December 17, 2021 claim construction order. Dkt. 50. WSOU's continued advocacy of this infringement position is meritless and warrants sanctions under Rule 11(c).

As such, Cisco intends to request that the Court sanction WSOU under Rule 11(c) unless WSOU withdraws its infringement allegations regarding the '859 Patent. While we believe that the enclosed Motion fully sets forth Cisco's positions, we are available to meet and confer if it would help the parties reach resolution of this issue.

Best regards,

*/s/ Brian Rosenthal*

Brian Rosenthal

cc:             All counsel of record
Enclosures:  Cisco's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and exhibits thereto