IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>   Plaintiff,<br>v.<br><br>CISCO SYSTEMS, INC.<br><br>   Defendant. | CIVIL ACTION NO. 6:21-cv-00128-ADA<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL – CONTAINS CONFIDENTIAL INFORMATION |

**BRAZOS'S OPPOSED MOTION FOR LEAVE TO AMEND
U.S. PATENT NO. 7,443,859 INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

    A. The '859 Patent and Brazos's Infringement Contentions ............................2

    B. Brazos's Efforts to Obtain Source Code from Cisco ...................................3

    C. Brazos's Amended Infringement Contentions............................................7

III. ARGUMENT............................................................................................................................7

    A. Brazos's diligently amended its '859 infringement contentions after Brazos finally received relevant source code—a year after it first requested it. ......................................................................................8

    B. Brazos's amendment is critically important. ..............................................9

    C. Brazos's amendment does not prejudice Cisco, and to the extent it does, a continuance is available to cure such prejudice................10

IV. CONCLUSION......................................................................................................................10

I.  **INTRODUCTION**

WSOU Investments LLC ("Brazos") respectfully requests leave to amend its infringement contentions for U.S. Patent No. 7,443,859 (the " '859 patent") in light of source code Cisco produced just this month—a year after Brazos first requested it. Brazos's amended contentions are attached hereto as Exhibit 1.

Since the beginning of this case, Cisco has refused to produce source code relating to the '859 patent because, in its view, "[Brazos]'s infringement allegations for the '859 Patent [have been] fatally flawed from the beginning." Dkt. 101, at 18. Cisco finally made available the source code relating to the '859 patent this month. Brazos had requested that code in October 2021 and in its motion to compel in February 2022. Dkt. 55, at 5 (Brazos's Motion to Compel Source Code) (requesting code relating to "the contents of the APN field" and "the manner in which the APN value is interpreted in software and how this value is mapped to a public or private address.").

Cisco had good reason for its recalcitrance: The code confirms that Cisco's products infringe the '859 patent. Brazos seeks leave to make a narrow amendment to its infringement contentions based on this newly discovered information. Asserting no new products and no new claims, Brazos's amended contentions add only a theory of literal infringement.

Leave to amend is appropriate here. ***First***, in light of Cisco's delays in producing source code, Brazos's amendment is timely. Brazos's experts completed review of Cisco's newly produced source code last Friday, October 21. Brazos immediately began revising its infringement contentions over the weekend and now respectfully submits this motion for leave to amend to the Court. ***Second***, the amendment is important. Courts have repeatedly recognized that amendments that assert an "alternative means of infringement"—as here—favor allowing the amendment of infringement contentions. *E.g.*, *Thomas Swan & Co. Ltd. v. Finisar Corp.*, 2014 WL 12599219, at

1

*2 (E.D. Tex. Aug. 11, 2014); *Harris Corp. v. Huawei Device USA, Inc.*, 2019 WL 4247067, at *2–3 (E.D. Tex. Sept. 6, 2019). **Finally**, the amendment does not unduly prejudice Cisco. Brazos's amendment is narrow in scope: It adds only a theory of direct infringement consistent with the Court's claim construction order construing "APN (Access Point Name) field." It asserts no new claims and accuses no new products.

Because the factors weigh in favor of amendment, the Court should grant Brazos's motion.

## II.   BACKGROUND

### A.   The '859 Patent and Brazos's Infringement Contentions

The '859 Patent—titled "Method and apparatus for address allocation in GPRS networks that facilitates end-to-end security"—teaches method and apparatus claims directed to assigning network addresses to mobile stations in a General Packet Radio System ("GPRS") or GPRS-based network in part to "maintain[] end-to-end security and application friendliness' across [the network]." '859 patent, at 3:66-4:7. Part of that technique involves the transmission of messages that include "an APN (Access Point Name) field containing information that explicitly indicates requesting either a private network address or a public network address to be assigned to the mobile station." *Id.*, Cls. 1, 9.

Brazos alleges that Cisco infringes the '859 patent by making, using, selling, and/or importing network switches that support Cisco StarOS. Dkt. 1 (Complaint), at ¶ 26. Those switches include the Cisco ASR 5500 and Cisco ASR 5700 switches, as well as Cisco Virtual Packet Core (the " '859 Accused Products"). *Id.* As alleged in the Complaint and in Brazos's Final Infringement Contentions, served on February 11, 2022, the '859 Accused Products infringe at least exemplary Claim 1. The Complaint (and Final Infringement Contentions) point to an "APN Restriction Value" contained in the APN field, which "explicitly indicates requesting either a private network address or a public network address to be assigned to the mobile station." *Id.* ¶¶ 28–29.

2

B.    Brazos's Efforts to Obtain Source Code from Cisco

Because Brazos alleged that the Accused Products infringe the '859 patent through software—namely, Cisco operating system StarOS—Brazos diligently sought source code relating to the accused functionalities early in discovery. Under the then-operative Scheduling Order and Order Governing Proceedings ("OGP"), Cisco was due to produce by August 18, 2021 "technical documents, *including software where applicable*, sufficient to show the operation of the accused product(s)." *See* Dkt. 41, at 2 (emphasis added); OGP 3.5.1 (Nov. 17, 2021). Cisco did not produce source code by that date.

On October 7, 2021, Brazos contacted Cisco regarding its failure to do so. *See* Dkt. 55, Nicholson Decl. ¶ 5. The parties met and conferred in early November 2021 and raised the issue with the Court's clerk by email on November 16. *Id.* ¶¶ 5–6. The Court granted Brazos leave to file a motion to compel. In the meantime, Brazos continued to press Cisco for source code, serving discovery requests which asked for, among other things, "Documents and information sufficient to show in detail the operation of the Accused Functionality, including, but not limited to source code (with comments) . . . ." *Id.* ¶ 7; Ex. 2, Request No. 1. Cisco again refused to produce source code.

On February 21, 2022, Brazos moved to compel. Dkt. 55, at 5. In its motion, Brazos explained that "Cisco's ongoing failure to comply with its obligation to produce source code unfairly prejudices Brazos by compressing the time Brazos has to develop and support its infringement case." *Id.* at 4. Brazos emphasized that that failure had forced it to "serve[] final infringement contentions on February 11, 2022, **without** the benefit of Cisco's source code or a complete production of relevant technical information relating to the accused Cisco products." *Id.*

3

at 8. And source code was the "very . . . evidence necessary to support Brazos's infringement contentions." *Id.* at 8–9.

As relevant to the '859 patent, Brazos specifically asked for code to support a theory of literal infringement, including code relating to "the contents of the APN field," as well as for code to prove the theory it had already asserted based on the APN restriction value, including "the manner in which the APN value is interpreted in software and how this value is mapped to a public or private address—e.g., the APN Restriction Value on GGSN, which has values 0-4 for different types of APN." Dkt. 55, at 5.

Cisco opposed Brazos's motion not because producing source code was irrelevant, unduly burdensome, or disproportionate to the needs of the case, but because of its view on the merits. In Cisco's view, "There is no feature or functionality that the source code could possibly show that would salvage WSOU's infringement case." Dkt. 62, at 5; *see also* Dkt. 101, at 18 ("[Brazos]'s infringement allegations for the '859 Patent were fatally flawed from the beginning, as the Complaint does not plausibly plead infringement."). The reason, Cisco argued, was that the Court's claim construction order had construed "APN field" as "[t]he specific field identified as 'Access Point Name' that contains at least the name of the access point." Dkt. 62, at 9 (citing Dkt. 50). Cisco thus contended that because the APN Restriction value is "contained in the 'APN Restriction' field, and *not* in the Access Point Name (APN) field," it could simply stonewall discovery.

The Court disagreed. Following a hearing on April 20, 2022, the Court granted Brazos's motion to compel. At the hearing, Brazos acknowledged that the Court's claim construction made it unlikely that Brazos's APN-restriction-value theory proved literal infringement, but nonetheless could survive as a doctrine-of-equivalents claim, depending on what source code showed. Ex. 3, April 22, 2022 Hearing Transcript at 7:3–22 ("[T]o the extent the APN Restriction value field does

4

contain at least the name of the access point, we could show under the Doctrine of Equivalents' function-way-result test that there's infringement there."). At the same time, Brazos explained, source code likely would reveal a literal infringement theory:

> ***It may be that when we get into the source code, when we see what the APN value is, that it is, in fact, doing this. We just don't have public documentation sufficient to show that.*** So we both have a DOE potential claim and . . . we may be able to, depending on what this source code shows, accuse the APN value itself. We just don't have public information that would show it."

*Id.*

Brazos also indicated at the hearing that it was prepared to seek leave to amend its infringement contentions based on the source code. *See id.* at 10:1–7 (noting that Brazos would "seek leave to amend contentions" based on "what [the APN] field contains," shown "in the source code").

Despite the Court's unequivocal order granting Brazos's motion to compel, Cisco dilly-dallied in producing code. Brazos pinged Cisco weekly. But rather than timely produce, Cisco attempted to shift the burden to Brazos to provide "more detail" and "more guidance" on what code it was seeking—even though Brazos's motion to compel had carefully delineated the code it was seeking. *See* Dkt. 55, at 5 (listing requested code). By June, Cisco still had not produced the code that Brazos had requested for the '859 patent, and the code Cisco did produce for the other patents was in a form apparently intended to frustrate review. Brazos was forced to seek relief from the Court yet again.

And yet again, the Court granted Brazos favorable relief. At the June 9 hearing, Judge Gilliland compelled Cisco to produce code relating to specific deficiencies that Brazos had identified at the hearing and requested the parties to submit a joint discovery order to the Court. In follow-up correspondence, the Court noted that the parties should meet and confer concerning any additional deficiencies. Ex. 4 (R. Rundio June 27, 2022 Email).

A tortured dispute—extending *three months*—followed about the scope of the Court's order. Brazos diligently contacted Cisco with requests for code relating to the '859 patent. *See* Ex. 5 (B. Barcelo July 13, 2022 Email); *id.* (B. Barcelo July 22, 2022 Email). Cisco, however, again claimed that Brazos had not identified the relevant deficiencies with specificity. The parties' dispute is shown by correspondence that Brazos sent the Court on August 18. Ex. 6 (Attachment to D. Nicholson Aug. 18, 2022 Email to Court).

To aid in the parties' dispute, the Court set a hearing for September 15. With the hearing looming, and an indefensible position in hand, Cisco finally produced code on September 6 that Brazos had been asking for since October of last year. Ex. 7 (R. Iwahashi Sept. 6, 2022 Email) ██████████████████████████████████████████████████████████████████████ [1]

Brazos sought to send its source code reviewer at their earliest availability the following Wednesday, September 14. But when Brazos attempted to send its reviewers, Cisco had technical problems. Ex. 7 (A. Huang Sept. 13, 2022 Email) (noting technical issues); *id.* (A. Huang Sept. 16, 2022 Email) (noting that issues were still not resolved). Not until a week later, on Friday, September 23 at 6:59 PM EST—after the close of business—did Cisco finally confirm that it could "host one reviewer at a time." *Id.* (A. Huang Sept. 23, 2022 Email).[2] Brazos sought to send

---

[1] Cisco's September 6 production conceded that its prior representations regarding the '859 source code—that the requested code did not exist—were simply not true. *Compare* Ex. 6 (R. Iwahashi Aug. 5, 2022 Email) ██████████████████████████████████████████████████████

[2] The Protective Order expressly stipulates that "A Party's Source Code Material *shall be provided* only *on two (2) 'stand-alone'* computers . . . ." Protective Order ¶ 11.

reviewers on the following Thursday and Friday, September 28 and 29, but its reviewers contracted COVID. *Id.* (S. Blackburn Sept. 29, 2022 Email).

On October 7, Cisco finally confirmed that two source code review computers were available. Brazos's reviewers devoted the week of October 10 to October 14, and Wednesday through Friday of the following week, October 19 to October 21, reviewing Cisco's code. *Id.* (A. Huang Oct. 7, 2022 Email); Ex. 8 (A. Huang Oct. 18, 2022 Email). The code revealed precisely what Brazos had noted it would in April 2022: That Cisco's products literally infringe the '859 patent. Brazos revised its contentions that weekend and now seek leave to amend to assert its additional infringement theory.

### C. Brazos's Amended Infringement Contentions

Consistent with Brazos's representations at the April hearing, Brazos's amended infringement contentions allege a new theory of literal infringement of the '859 patent consistent with the Court's claim construction order. Cisco's source code shows that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Ex. _ (Amended Infringement Contentions). ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *Id.* Separately, Brazos's contentions clarify that its "APN Restriction value" theory likewise satisfies the claim limitation under the Doctrine of Equivalents.

Brazos's amendment does not accuse any new products nor does it assert any new claims.

### III. ARGUMENT

Because "the scope of a patent infringement case may alter as a case proceeds to trial," amendments to infringement contentions are often "necessitat[ed]." *Dynamic Applet Techs., LLC*

*v. Mattress Firm, Inc.*, 2019 WL 1370858, at *3 (E.D. Tex. Mar. 26, 2019). "In assessing whether leave to amend contentions should be granted, the Court considers: (1) explanation for failure to meet the deadline; (2) importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) availability of a continuance to cure such prejudice." *U.S. Well Servs., Inc. v. Halliburton Co.*, 2022 WL 4004780, at *2 (W.D. Tex. Sept. 1, 2022) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Each of these factors supports granting Brazos leave to amend here.

  **A.** **Brazos's diligently amended its '859 infringement contentions after Brazos finally received relevant source code—a year after it first requested it.**

  The first factor—the "explanation for failure to meet the deadline"—favors Brazos. Brazos has not been able to amend its infringement contentions because Cisco has repeatedly refused and delayed in producing source code. Brazos has diligently attempted to acquire the relevant code from Cisco. Cisco was due to produce source code in August 2021. When Brazos contacted Cisco on October 7, Cisco responded by refusing to produce *any code* at all for the '859 patent. After Brazos succeeded on its motion to compel, Cisco again refused to produce code, asserting that the code did not do what Brazos claimed it did, and thus that the code did not exist. See Ex. 6 (R. Iwahashi Aug. 5, 2022 Email) ███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████. Cisco's representations were not correct.

  Brazos repeatedly followed up with Cisco regarding this source code, and when it became clear that Cisco would not produce what the Court had ordered it to produce, the parties were forced again to seek the Court's guidance. Even after the Court's hearing on June 9, Cisco disputed

8

the scope of the Court's order and refused to produce additional code. The Court set a hearing date for September 15 to resolve the ongoing dispute. Days before the hearing, on September 6, Cisco finally produced the code Brazos had requested. But when Brazos attempted to send its source-code reviewers the following week, Cisco noted that its computers did not work. Not until Friday, September 23—after the close of business—did Cisco alert Brazos that just one of its source code computers was now available. When Brazos's source code reviewer recovered from COVID and quarantine, he and his team immediately began reviewing the code on the week of October 10.

In short, the reason Brazos has not been able to amend its contentions is because of Cisco's delay in producing source code. Brazos diligently sought to obtain the code, and once it received the code, Brazos immediately reviewed and amended its infringement contentions. *See Intellectual Ventures II LLC v. FedEx Corp.*, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (holding that Plaintiff's "effort to amend within a month of Defendants' . . . production was diligent"). This factor favors granting leave to amend.

    **B.**  **Brazos's amendment is critically important.**

As an initial matter, Brazos's amendment is important because it clarifies its infringement theories in response to this Court's claim construction order. In its claim construction order, the Court construed "APN (Access Point Name) field" to mean "[t]he specific field identified as 'Access Point Name' that contains at least the name of the access point." Dkt. 50, at 2. As Brazos explained at the April motion-to-compel hearing for the '859 source code, its APN-restriction-value theory could survive as a doctrine-of-equivalents theory of infringement. Brazos's amended contentions make that clear.

Even more importantly, Brazos's amendment adds "an alternate means to prove infringement." Courts have repeatedly held that these amendments are important. *Thomas Swan*,

9

2014 WL 12599219, at *2; *Harris Corp.*, 2019 WL 4247067, at *2–3 (holding that amendment that "would open a new avenue for establishing infringement" was of "high importance").

   **C.** **Brazos's amendment does not prejudice Cisco, and to the extent it does, a continuance is available to cure such prejudice.**

Cisco also suffers little prejudice from Brazos's amendment and any prejudice is of Cisco's own creation. First, Brazos's amendment is narrow in scope. It does not accuse any new products nor does it assert any new claims. *See Thomas Swan*, 2014 WL 12599219, at *2 ("Plaintiff's proposed amendment adds no new claims or accused products to this case . . . and will not prejudice Defendants."). Second, Brazos's amendment comes as no surprise to Cisco. In April, Brazos said that it would likely seek leave to amend based on Cisco's source code. Ex. 3 (April 22, 2022 Hearing Transcript).

To be sure, Brazos's amendment comes close to the cutoff for fact discovery. But fact discovery remains open for another week, and expert reports are not due to be exchanged for several weeks. Cisco has adequate time to develop its defenses. Indeed, it is likely that Cisco has known for some time that the code would show infringement and has been working on its defenses. In any event, the timing of Brazos's amendment is of Cisco's own making. Cisco cannot now be heard to cry prejudice when it is Cisco's delays that have prejudiced Brazos's ability to develop its infringement case. *See Solorzano v. Passafiume*, 2020 WL 5984084, at *4 (S.D. Tex. Oct. 8, 2020) ("A party cannot claim prejudice due to its own 'inaction.'"). If Cisco is prejudiced in any way, any prejudice "could be cured by a continuance." *See Intellectual Ventures II*, 2017 WL 4812436, at *3.

**IV.** **CONCLUSION**

For the foregoing reasons, Brazos respectfully requests that the Court grant its motion for leave to amend its infringement contentions as to the '859 patent.

10

Dated: October 28, 2022          Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: */s/ Shawn Blackburn*
    Max L. Tribble, Jr.
    Texas Bar No. 2021395
    Shawn Blackburn *(pro hac vice)*
    Texas Bar No. 24089989
    Bryce T. Barcelo *(pro hac vice)*
    Texas Bar No. 24092081
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002-5096
    Telephone: (713) 651-9366
    Fax: (713) 654-6666
    mtribble@susmangodfrey.com
    sblackburn@susmangodfrey.com
    bbarcelo@susmangodfrey.com

    Kalpana Srinivasan
    California Bar No. 237460
    Sujeeth Rajavolu *(pro hac vice)*
    California Bar No. 324669
    1900 Avenue of the Stars, 14th Floor
    Los Angeles, California 90067-6029
    Telephone: (310) 789-3100
    Fax: (310) 789-3150
    ksrinivasan@susmangodfrey.com
    srajavolu@susmangodfrey.com

    Danielle Nicholson
    California Bar No. 325392 *(pro hac vice)*
    1201 Third Avenue, Suite 3800
    Seattle, Washington 98101-3000
    Telephone: (206) 516-3880
    Fax: (206) 516-3883
    dnicholson@susmangodfrey.com

**COUNSEL FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 28, 2022, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

Michael E. Jones
Potter Minton, PC
110 North College, Suite 500
Tyler, Texas 75702
mikejones@potterminton.com

Brian Rosenthal
Katherine Q. Dominguez
Allen Kathir
Allyson E. Parks
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
brosenthal@gibsondunn.com
akathir@gibsondunn.com
kdominguez@gibsondunn.com

Ryan Iwahashi
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 849-5300
Fax: (650) 849-5333
riwahashi@gibsondunn.com

/s/ *Shawn Blackburn*
Shawn Blackburn
Counsel for Plaintiff