**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | |
| Plaintiff, | CIVIL ACTION NO. 6:21-cv-00128-ADA |
| v. | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC. | |
| Defendant. | |

**UNOPPOSED MOTION TO SUBSTITUTE COUNSEL OF RECORD**
**AND TO CONTINUE TRIAL IN THIS MATTER**

**Motion to Substitute Counsel of Record:**

Pursuant to Local Rule AT-3 and Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct, the undersigned counsel at Susman Godfrey LLP ("Susman Godfrey") move for entry of an order permitting the firm to withdraw its appearances of counsel for Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("Brazos"), and to substitute replacement counsel that has already appeared in this matter. In support, Susman Godfrey states as follows:

1.      "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court." *Id.* (quotation marks omitted). "A court must consider multiple factors, including (1) undue delay in the proceedings, (2) prejudice to the client, and (3) the interests of justice." *Lewis v. Williamson Cnty.*, 2021 WL 5871540, at *1 (W.D. Tex. Nov. 23, 2021); *Walker v. Voyager Charters, LLC*, 2009 WL 10700768, at *1 (W.D. Tex. Feb. 26, 2009).

2.      Good cause exists for withdrawal here. Based on recent events and discussions internal to the attorney-client relationship, Brazos and Susman have concluded that certain fundamental disagreements concerning the litigation will prevent Susman from effectively representing Brazos moving forward. *See* Texas Disciplinary Rules of Professional Conduct 1.15(b)(7) (authorizing withdrawal when "other good cause for withdrawal exists"). Brazos and Susman accordingly mutually agree that it is in the best interests of both parties to substitute newly appeared counsel Folio Law Group as Brazos's counsel of record.

3.      Brazos and Susman further agree that Folio can effectively represent Brazos's interests in the litigation, and on that basis, Brazos consents to Susman's withdrawal and Folio's substitution. *See id.* 1.15(b)(1) (authorizing withdrawal when "withdrawal can be accomplished without material adverse effect on the interests of the client").

4.      Susman Godfrey's withdrawal will not cause Brazos to suffer undue prejudice. Courts have found such prejudice where withdrawal would "leave a corporate defendant without representation" because a "corporation can appear in a court of record only by an attorney of law." *See, e.g.*, *GDC Technics, Ltd. v. Grace*, 2017 WL 11025406, at *1–2 (W.D. Tex. Feb. 10, 2017). That is not the case here, as Brazos has secured substitute counsel, Joseph M. Abraham and Timothy Dewberry of Folio Law Group. *See United States v. Dinitz*, 538 F.2d 1214, 1222 (5th Cir. 1976).

5.      Second, the interests of justice do not support the barring of Susman Godfrey's withdrawal because Brazos does not oppose the firm's withdrawal. *Compare A.J. Rabe, Inc. v. Farm Serv. Agency*, 2019 WL 12536993, at *2 (W.D. Tex. May 21, 2019) (Manske, J.) (noting that a client's nonconsent may weigh against withdrawal).

6.      Pursuant to Local Rule AT-3, Susman Godfrey provides the following contact information for Brazos's successor counsel:

> Joseph M. Abraham
> Timothy Dewberry
> Folio Law Group PLLC
> 13492 Research Blvd., Suite 120, No. 177
> Austin, TX 78750
> (737) 234-0201
> joseph.abraham@foliolaw.com
> timothy.dewberry@foliolaw.com

7.      For these reasons, Susman Godfrey respectfully requests that the Court grant its motion to withdraw as Plaintiff Brazos's counsel.

8.      Defendant Cisco Systems, Inc. ("Cisco"), has been advised of Brazos's request to substitute counsel of record, and does not oppose, subject to the hearing on the fully-briefed summary judgment, *Daubert* and motions to strike currently scheduled for October 16 not being postponed as a result of the substitution.

**Motion to Continue Trial:**

9.      In light of Brazos's requested substitution of counsel, Brazos respectfully requests that the Court continue trial in this matter until April 2024—or thereafter, if the Court's schedule does not allow, subject to certain party and expert conflicts detailed below.

10.      Briefly continuing trial by approximately five months will allow Brazos's new counsel to fully familiarize itself with the extensive litigation record concerning all technical and damages issues—and if possible, determine if any currently disputed issues may be narrowed before trial.

11.      A trial continuance as Brazos requests will not inconvenience the Court, which presently has a second trial calendared for the same week as this case is currently scheduled to

3

proceed. *See Sable Networks, Inc. v. Cloudflare, Inc.*, No. 6:21-cv-261-ADA, Dkt. 208 (W.D. Tex. June 27, 2023) ("Jury Trial set for 11/6/2023 before Judge Alan D Albright").

12.     Defendant Cisco has informed Brazos that it does not oppose the motion to continue the trial subject to (a) a new trial date being set with first priority, and on a date that does not conflict with Cisco's lead counsel's trials scheduled for March 11, 2024, April 15, 2024 and July 15, 2024 before this Court and May 20, 2024 and June 24, 2024 before the Eastern District of Texas; (b) no new expert reports or declarations being filed by Brazos so that the continuance does not prejudice Cisco; and (c) the hearing for the fully-briefed summary judgment, *Daubert* and motions to strike currently set for October 16, 2023 remaining on calendar for that date. Brazos agrees with those conditions.

13.     The parties respectfully request that the Court ***not*** continue trial to any of the following weeks, for the reasons detailed below[1]:

a.      March 4, 2024 (Brazos's technical expert Dr. Rubin trial in D. Mass.)

b.      March 11, 2024 (Cisco's lead counsel trial before this Court)

c.      April 8, 2024 (Brazos's technical expert Dr. Rubin trial in N.D. Cal.)

d.      April 15, 2024 (Cisco's lead counsel trial before this Court; Brazos's damages expert Mr. Blok trial)

e.      May 6, 2024 (Brazos's damages expert Mr. Blok trial)

f.      May 20, 2024 (Cisco's lead counsel trial in E.D. Tex.)

g.      June 24, 2024 (Cisco's lead counsel trial in E.D. Tex.)

---

[1] In addition to the known conflicts specified above, Brazos's technical expert Dr. Rubin is slated to testify at a trial in Australia presently scheduled for March 11-April 5, 2024, but concerning which he has just been informed that the Court may reschedule trial, the specifics of which should be made clear at a hearing September 19.

    h.     July 8, 2024 (Brazos's technical expert Dr. Rubin trial in E.D. Va.)

    i.     July 15, 2024 (Cisco's lead counsel trial before this Court)

14.    If the Court continues trial until 2024, the parties will propose further adjournments to currently calendared deadlines for pretrial exchanges (including motions *in limine*) based on mutual consent.

15.    The parties will not seek to reschedule the October 16, 2023, hearing, with respect to the fully-briefed summary judgment, *Daubert* and motions to strike.


Dated: August 29, 2023             Respectfully submitted,

                             SUSMAN GODFREY L.L.P.


By: */s/ Max Tribble*
     Max L. Tribble, Jr.
     Texas Bar No. 2021395
     J. Hoke Peacock III
     Texas Bar No. 15673980
     Shawn Blackburn *(pro hac vice)*
     Texas Bar No. 24089989
     Bryce T. Barcelo *(pro hac vice)*
     Texas Bar No. 24092081
     Larry Y. Liu *(pro hac vice)*
     Texas Bar No. 24133399
     1000 Louisiana Street, Suite 5100
     Houston, Texas 77002-5096
     Telephone: (713) 651-9366
     Fax: (713) 654-6666
     mtribble@susmangodfrey.com
     tpeacock@susmangodfrey.com
     sblackburn@susmangodfrey.com
     bbarcelo@susmangodfrey.com

     Kalpana Srinivasan
     California Bar No. 237460
     1900 Avenue of the Stars, 14th Floor
     Los Angeles, California 90067-6029
     Telephone: (310) 789-3100

Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

Danielle Nicholson
California Bar No. 325392 *(pro hac vice)*
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
dnicholson@susmangodfrey.com

Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
FOLIO LAW GROUP PLLC
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel: 737-234-0201
Email: joseph.abraham@foliolaw.com
Email: timothy.dewberry@foliolaw.com

**COUNSEL FOR PLAINTIFF WSOU
INVESTMENTS, LLC D/B/A BRAZOS
LICENSING AND DEVELOPMENT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 29, 2023, I served the foregoing motion on all counsel of record by e-mail, all of whom have consented to electronic service in this action.

Michael E. Jones
Potter Minton, PC
110 North College, Suite 500
Tyler, Texas 75702
mikejones@potterminton.com

Brian Rosenthal
Katherine Q. Dominguez
Allen Kathir
Allyson E. Parks
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
brosenthal@gibsondunn.com
akathir@gibsondunn.com
kdominguez@gibsondunn.com

Mark S. Davies
Orrick, Herrington & Sutcliffe, LLP
1152 15th St., Nw
Washington DC 20005
mark.davies@orrick.com

Elizabeth Moulton
Orrick, Herrington & Sutcliffe, LLP
405 Howard St.
San Francisco, CA 94105
emoulton@orrick.com

/s/  *Max Tribble*
Max Tribble
Counsel for Plaintiff